UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL D. BOEHNKE,<br><br>    Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No. 3:21-cv-00112 |

## COMPLAINT

**NOW COMES**, MICHAEL D. BOEHNKE ("Plaintiff"), through his undersigned counsel, complaining of CMRE FINANCIAL SERVICES, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

6. MICHAEL D. BOEHNKE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Terrell, Texas.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. §392.001(1).

10. CMRE FINANCIAL SERVICES, INC. ("Defendant") maintains its principal place of business at 3075 East Imperial Highway, #200, Brea, California 92821.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

13. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 4249.

15. At all times relevant, Plaintiff's number ending in 4249 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. A number of years ago, Plaintiff was required to obtain a medical procedure.

18. That medical procedure generated certain bills.

2

19. As Plaintiff is a disabled veteran, all of his medical bills are paid for by his Veteran Assistance ("VA") benefits.

20. Plaintiff used a medical service that was approved by the VA.

21. Over the last few years, Plaintiff started receiving unwanted and unconsented to collection calls from Defendant.

22. Defendant claims that Plaintiff owes approximately $470.00 for the procedure ("subject debt").

23. On multiple occasions, Plaintiff has answered Defendant's collection calls.

24. During almost all of the phone calls that Plaintiff has answered, Plaintiff has advised Defendant that he is a veteran, that this is not his debt, and that the VA handles all of his medical bills.

25. During all of the calls, Plaintiff has also requested that Defendant stop calling him.

26. Unsympathetic to Plaintiff's circumstances, Defendant continued its efforts to collect the subject debt through collection calls to Plaintiff's cellular phone.

27. In the calls that Plaintiff answered, Plaintiff was greeted by an automated message stating: "Please hold the line for the next representative. This is CMRE, a debt collection company."

28. Despite Plaintiff's request that the collection calls cease, Defendant has continued its unwanted and unconsented to collection calls, including, but not limited to, calls from the phone numbers (214) 433-8929 and (214) 501-1969.

29. Undeterred by Plaintiff's requests that the calls cease and claims that he did not owe the debt, Defendant has placed dozens of prerecorded collection calls to Plaintiff's cellular phone.

## DAMAGES

30. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

31. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

32. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

33. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

34. Defendant placed or caused to be placed dozens of non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

35. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

36. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

37. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff.

39. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, requests the following relief:

a. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

b. an order enjoining Defendant from placing further violating calls to Plaintiff;

c. an award of $500.00 in damages to Plaintiff for each such violation;

d. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

e. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

40. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

41. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

42. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

43. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

44. Defendant violated § 1692c(a)(1) by placing dozens of collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

45. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

46. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

47. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

48. Defendant violated §§ 1692d and d(5) by placing dozens of collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

6

49. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

50. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

51. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

c. **WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
**Violations of the Texas Debt Collection Act (Tex. Fin Code Ann. § 392 *et seq.*)**

52. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

53. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

54. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

55. Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 15, 2021                              Respectfully submitted,

**MICHAEL D. BOEHNKE**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com

8